IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTINEZ ANDRE GILES,<br><br>Plaintiff,<br><br>v.<br><br>CANUS CORPORATION, et al.,<br><br>Defendants. | Case Nos.  22-cv-03097-MMC<br>22-cv-03098-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO REMAND; GRANTING DEFENDANT'S MOTIONS FOR JUDGMENT ON THE PLEADINGS; AFFORDING PLAINTIFF LEAVE TO AMEND; DIRECTING DEFENDANT TO RE-SUBMIT COURTESY COPIES OF NOTICE OF REMOVAL IN SINGLE-SIDED FORMAT** |

Before the Court are four motions, each filed June 23, 2022: (1) "Motion to Remand Case to State Court" filed by plaintiff Martinez Andre Giles ("Giles") in Case No. 22-cv-03097-MMC (hereinafter, "Class Action"); (2) "Motion for Judgment on the Pleadings" filed by defendant Canus Corporation ("Canus") in Case No. 22-cv-03098-MMC (hereinafter, "PAGA Action"); (3) "Motion to Remand Case to State Court" filed by Giles in the Class Action; and (4) "Motion for Judgment on the Pleadings" filed by Canus in the PAGA Action. The motions have been fully briefed.[1] Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[2]

**BACKGROUND**

In the above-titled related actions, Giles, who was employed by Canus as a "non-

---

[1] On June 1, 2022, defendant PG&E Corporation ("PG&E") filed statements of non-opposition to Canus's motions for judgment on the pleadings and requests dismissal of Giles's claims and entry of judgment in favor of both Canus and PG&E.

[2] By order filed July 25, 2022, the Court took the matters under submission.

exempt employee" from January 2015 to May 2021 (see First Amended Class Action Compl. (hereinafter, "FCAC") ¶ 4;[3] see also Representative Action Compl. (hereinafter, "PAGA Complaint") ¶ 7), alleges Canus "regularly failed" to pay him his "correct wages," including "minimum and overtime wages," failed to provide him with legally required "off-duty meal and rest breaks," and failed to issue him "complete and accurate wage statements" (see FCAC ¶¶ 14, 20-23; see also PAGA Compl. ¶¶ 13-14, 17, 23, 25). Giles further alleges that, in or around April 2021, he complained to Canus about its employment practices, and that, as a result, Canus "retalia[ed]" against him by terminating his employment. (See FCAC ¶¶ 24-25.)

Based on the above allegations, Giles, on February 23, 2022, filed a complaint in the Superior Court of California, in and for the County of Contra Costa (hereinafter, "Class Action Complaint"), asserting, on behalf of himself and a putative class, the following eight Causes of Action: (1) "Unlawful Business Practices," (2) "Failure to Pay Minimum Wages," (3) "Failure to Pay Overtime Compensation," (4) "Failure to Provide Required Meal Periods," (5) "Failure to Provide Required Rest Periods," (6) "Failure to Provide Accurate Itemized Statements," (7) "Failure to Pay Wages When Due," and (8) "Wrongful Termination in Violation of Public Policy."[4] The following day, Giles filed another complaint in the Superior Court of California, in and for the County of Contra Costa, asserting a claim under the Private Attorneys General Act of 2004 ("PAGA"), which claim is predicated on defendants' alleged violations of "California Labor Code §§ 201, 202, 203, 204 et seq., 210, 221, 226(a), 226.7, 351, 510, 512, 558(a)(1)(2), 1194, 1197.1, 1198, 1198.5, 2802, California Code of Regulations, Title 8, Section 11040,

---

[3] The courtesy copies of Canus's Notice of Removal, as well as the declarations and exhibits, including the FCAC, filed in support thereof, were submitted in double-sided format. By order filed June 2, 2022, the Court directed Canus to re-submit the courtesy copies in single-sided format. (See Doc. No. 16 (citing Standing Orders for Civil Cases Assigned to The Honorable Maxine M. Chesney ¶ 2).) To date, however, no such documents have been submitted to the Court. Accordingly, Canus is again DIRECTED to re-submit the requisite courtesy copies, and to do so no later than August 19, 2022.

[4] The Eighth Cause of Action is brought only in Giles's individual capacity.

Subdivision 5(A)-(B), and the applicable Wage Order(s)." On May 12, 2022, Giles filed, in the Class Action, his FCAC, reasserting the above-referenced eight claims alleged in his initial Class Action Complaint.

On May 26, 2022, Canus removed both actions to federal court, on the ground that the asserted Causes of Action are completely preempted by federal labor law, specifically, § 301 of the Labor Management Relations Act ("LMRA"), 28 U.S.C. § 185.[5]

**LEGAL STANDARD**

**A. Motion to Remand**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." See 28 U.S.C. § 1447(c). The party invoking the federal court's removal jurisdiction bears the burden of establishing federal jurisdiction, see Emrich v. Toche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988), and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," see Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (internal quotation and citation omitted). "To determine whether the removing party has met its burden, a court may consider the contents of the removal petition and 'summary-judgment-type evidence.'" Tanious v. Gattoni, 533 F. Supp. 3d 770, 775 (N.D. Cal. 2021) (quoting Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004)).

**B. Motion for Judgment on the Pleadings**

A Rule 12(c) motion for judgment on the pleadings may be brought at any time "[a]fter the pleadings are closed," but "earlier enough not to delay trial." See Fed. R. Civ. P. 12(c). The standard applied to decide a Rule 12(c) motion is the same as the standard used in a Rule 12(b) motion to dismiss for failure to state a claim. See Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). "[J]udgment on the pleadings is appropriate when, even if all allegations in the complaint are true, the moving party is entitled to judgment as a matter of law." Westlands Water Dist. v.

---

[5] On May 31, 2022, PG&E filed notices in both actions consenting to the removals.

3

Firebaugh Canal, 10 F.3d 667, 670 (9th Cir. 1993).  In deciding the motion, a court may consider "(1) exhibits to the non-moving party's pleading, (2) documents that are referred to in the non-moving party's pleading, or (3) facts that are included in materials that can be judicially noticed."  See Yang v. Dar Al-Handash Consultants, 250 Fed. App'x 771, 772 (9th Cir. 2007).  The court need not automatically accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations.  See W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

## DISCUSSION

By his motions to remand, Giles seeks an order remanding both of the above-titled actions to state court, on the ground that this Court lacks subject matter jurisdiction over his claims.

By its motions for judgment on the pleadings, Canus seeks an order granting entry of judgment in his favor with respect to Giles's minimum wage, overtime, and meal period claims in their entirety, as well as on Giles's wage statement, waiting time, wrongful termination, and UCL claims to the extent those claims are derivative of the minimum wage, overtime, and meal period claims.

"The Supreme Court ha[ving] instructed lower courts to resolve jurisdictional issues before reaching the merits of a case," see Rivera v. R.R. Retirement Bd., 262 F.3d 1005, 1008 (9th Cir. 2001), the Court first addresses Giles's motions to remand.

**A. Motions to Remand**

In his motions to remand, Giles argues Canus "has failed to establish federal jurisdiction under [§ 301 of the LMRA]."  (See Mot. to Remand Class Action at 1:12-13; Mot. to Remand PAGA Action at 1:13-14.)

Pursuant to § 301 of the LMRA, "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties."  See 29 U.S.C. § 185.  "The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation

4

of a collective bargaining agreement ["CBA"], and any state claim whose outcome depends on analysis of the terms of the agreement." Newberry v. Pac. Racing Ass'n, 854 F.2d 1142, 1146 (9th Cir. 1988) (internal citation omitted). "Thus, if a state law claim is completely preempted by . . . [§ 301], the state law cause of action necessarily becomes a federal one and can be removed." Milne Emps. Ass'n v. Sun Carriers, 960 F.2d 1401, 1406 (9th Cir. 1991).[6]

To determine whether a state law claim is preempted by § 301, the Ninth Circuit employs a "two-step test." See Curtis v. Irwin Indus., Inc., 913 F.3d 1146, 1152 (9th Cir. 2019). First, courts ask "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." See Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). "If the right exists solely as a result of the CBA, then the claim is preempted." Id. "If, however, the right exists independently of the CBA," the court then proceeds to the second step, by which it determines "whether [the right] is nevertheless substantially dependent on analysis of a collective-bargaining agreement," see id. (internal quotation and citation omitted), a determination that "turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the CBA," see Curtis, 913 F.3d at 1153 (alteration in original) (internal citation omitted) (noting, at second step of analysis, "claims are only preempted to the extent there is an active dispute over the meaning of contract terms" (internal quotation and citation omitted)).

Here, in opposition to remand, Canus offers undisputed evidence that Giles, during the course of his employment with Canus, was subject to the terms of two CBAs between Canus and the International Brotherhood of Electrical Workers Local Union

---

[6] Giles's argument that § 301 preemption is merely an "affirmative defense" insufficient "to justify removal to federal court" is unavailing. (See Mot. to Remand Class Action at 17:9-11; Mot. to Remand PAGA Action at 16:13-15); see also Caterpillar v. Williams, 482 U.S. 386, 392-394 (1987) (holding "complete pre-emption" under § 301 is exception to general rule that "a case may not be removed to federal court on the basis of a federal defense" (emphasis omitted)).

1245 (hereinafter, "Union").  (See Req. for Judicial Notice ("RJN") Exs. A-C.)[7]  Based thereon, Canus contends (1) Giles's overtime and meal period claims are preempted by § 301 at the first step of the above-referenced analysis, (2) Giles's minimum wage claims are preempted by § 301 at the second step of the analysis, and (3) Giles's remaining claims either are derivative of the foregoing claims or warrant the Court's exercise of supplemental jurisdiction.

As an initial matter, the Court is not persuaded by Giles's argument that the above-titled actions are subject to remand for the asserted reason that neither his FCAC nor his PAGA Complaint "mention[s] the CBA[s]" and that his claims, as pleaded, are based on alleged violations of state law.  (See Mot. to Remand Class Action at 10:15-23; see also Mot. to Remand PAGA Action at 9:22-10:2.)  Although, under the "well-pleaded complaint rule," federal question jurisdiction generally exists only when a federal question is presented on the face of a complaint, see Holman v. Laulo-Rowe Agency, 994 F.2d 666, 668 (9th Cir. 1993), where, as here, the asserted ground for removal is complete preemption by the LMRA, a court may "properly look[] beyond the face of the complaint to determine whether the . . . claim [is] in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction," see Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir. 1987); see also Cook v. Lindsay Olive Growers, 911 F.2d 233, 237 (9th Cir. 1990) (noting, "[f]or preemption analysis, it is not dispositive that . . . complaint is framed without reference to . . . CBA").

The Court next turns to Canus's arguments in opposition to remand.

//

---

[7] Giles's unopposed Request for Judicial Notice of the above-referenced CBAs is hereby GRANTED.  See Hall v. Live Nation Worldwide, Inc., 146 F. Supp. 3d 1187, 1192-93 (C.D. Cal. 2015) (taking judicial notice of CBA where defendant asserted plaintiff's claims were completely preempted by LMRA).  The first CBA covered the period of June 4, 2012, through May 31, 2020 (see id. Ex. B (hereinafter, "2012 CBA"), Ex. C ("Letter of Understanding" extending 2012 CBA through May 31, 2020), and the second CBA covered the period of June 1, 2020, through May 31, 2026 (see id. Ex. A (hereinafter, "2020 CBA")).

**1. Failure to Pay Overtime Wages**

Canus argues Giles's overtime claims are preempted and thus are not subject to remand because Giles's right to overtime "exists solely as a result of the CBA[s]." (See Opp. to Mot. to Remand Class Action at 7:16-17 (internal quotation and citation omitted); see also Opp. to Mot. to Remand PAGA Action at 7:22-23.)  As discussed below, the Court agrees.

Section 510 of the California Labor Code sets forth the hours constituting overtime hours and the rate of pay applicable thereto.  See Cal. Lab. Code § 510.  The Labor Code, however, further provides:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

See id. § 514.  "By its terms, therefore, the default definition of overtime and overtime rates in section 510 does not apply to an employee who is subject to a qualifying CBA." Curtis, 913 F.3d at 1153-54.  Rather, under such circumstances, the employee's "right to overtime exists solely as a result of the CBA."  See id. at 1155 (internal quotation and citation omitted) (finding, where CBAs at issue "me[t] the requirements of section 514," plaintiff's overtime claim was preempted by LMRA).[8]  Here, it is undisputed that the subject CBAs meet the requirements of section 514 (see 2012 CBA ¶¶ 4.01-4.12, Ex. A; 2020 CBA ¶¶ 4.01-4.12, Ex. A), and, consequently, Giles's right to overtime exists solely as a result thereof.

Accordingly, Giles's overtime claims are preempted by § 301 of the LMRA.

//

---

[8] Although Giles argues Curtis is distinguishable on the ground that "federal jurisdiction was not challenged by the plaintiff in that case" (see Opp. to Mot. to Remand at 6:20-7:4), the Ninth Circuit expressly acknowledged therein that "a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court," see Curtis, 913 F.3d at 1152.

**2. Failure to Provide Meal Periods**

Canus argues Giles's meal period claims are preempted because his right to meal periods, like his right to overtime, exists solely as a result of the CBAs. (See Opp. to Mot. to Remand Class Action at 8:22-23; see also Opp. to Mot. to Remand PAGA Action at 8:28-9:2.) Again, the Court agrees.

Section 512 of the California Labor Code sets forth requirements for providing meal breaks to employees, see Cal. Labor Code § 512(a), and section 226.7 requires an employer to pay "one additional hour of pay" to any employee who is not provided a requisite meal break, see id. § 226.7. The Labor Code further provides, however, that subdivision (a) of section 512 does not apply to an individual "employed in a construction occupation" if "both of the following conditions are satisfied":

> (1) The employee is covered by a valid [CBA; and]
>
> (2) The valid [CBA] expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

See id. § 512(e)-(f). Additionally, where an employee is exempt under section 512, such employee likewise is exempt under section 226.7. See id. § 226.7(e) (providing section 226.7 does not apply to "an employee who is exempt from meal . . . period requirements pursuant to other state laws").

Here, Canus has submitted undisputed evidence that Giles was employed in a construction occupation (see Decl. of Gregory Ricks in Supp. of Notice of Removal of Class Action ¶ 3 (averring Giles "was employed as a Class II Construction Coordinator/Inspector")), and it is further undisputed that the subject CBAs meet the above-quoted requirements under subsection (e) of section 512 (see 2012 CBA ¶¶ 4.01-4.12, Ex. A; 2020 CBA ¶¶ 1.02, 4.01-4.12, Ex. A). Consequently, Giles's "right to meal periods exists solely as a result of the CBAs." See Marquez v. Toll Glob. Forwarding, 804 Fed. App'x, 679, 680 (9th Cir. 2020) (internal quotation, citation, and alteration

omitted) (holding, under reasoning in Curtis, meal period claims are preempted by LMRA where section 512(e) requirements are met); see also Coria v. Recology, Inc., 63 F. Supp. 3d 1093, 1097 (N.D. Cal. 2014) (noting, "if [s]ection 512(e) applies, then [section] 512(a) does *not* apply, and [the] plaintiff's claimed right to meal periods cannot be said to be based on state law"); Rodriguez, 2022 WL 161892, at *4 (finding meal period claim preempted by § 301 where CBA satisfied requirements of section 512(e)).[9]

Accordingly, Giles's meal period claims are preempted by § 301 of the LMRA.

**3. Failure to Pay Minimum Wages**

As noted, with respect to Giles's minimum wage claims, Canus does not argue Giles's right to minimum wages exists solely as a result of the applicable CBAs, see Cal. Lab. Code § 1197 (making it "unlawful" to pay "lower wage than the minimum" provided by law); rather, Canus contends resolution of said claims "substantially depends on an analysis of the CBA[s]," specifically, an interpretation of the terms "actual time worked" and "show-up pay," as used in the CBAs (see Opp. to Mot. to Remand Class Action at 5:17-6:4; see also Opp. to Mot. to Remand PAGA Action at 5:25-6:11).  The Court agrees.

In particular, Giles alleges Canus failed to pay him for time worked "off the clock," including time spent "perform[ing] duties while on [his] meal break," undergoing "mandatory drug testing or . . . other testing," and "submit[ting] to mandatory screening questions prior to . . . clocking in[]" (see FCAC ¶ 9; PAGA Compl. ¶ 12); consequently, as Canus points out, resolution of Giles's minimum wage claims will "require an

---

[9] Giles, pointing to California cases holding the statutory right to rest periods is "non-waivable" by a CBA, contends his meal period claim is not preempted because, according to Giles, meal periods, like rest periods, "address some of the most basic demands of an employee's health and welfare."  (See Mot. to Remand Class Action at 19:4-24; see also Mot. to Remand PAGA Action at 18:8-28.)  As one district court has noted, however, meal period claims and rest period claims are distinguishable, in that the wage order governing rest periods, unlike the above-referenced meal period statutes, "contains no exemption."  See Jones v. Sysco Ventura, Inc., Case No. 2:21-cv-04116-SVW-AGR, 2021 WL 6104193, at *8 (C.D. Cal. Sept. 1, 2021) (holding, because "there is no exemption" in any applicable statute or regulation, "a rest break claim arises out of independent state law, not the CBA").

9

interpretation of the . . . terms 'actual time worked' and 'show-up pay,'" as used in the CBAs (see Opp. to Mot. to Remand Class Action at 5:19-6:4; see also 2012 CBA ¶ 4.05; 2020 CBA ¶ 4.05); Rodriguez v. Gonsalves & Santucci, Inc., Case No. 21-cv-07874-LB, 2022 WL 161892, at *5 (N.D. Cal. Jan. 18, 2022) (finding, where plaintiff alleged "defendant failed to pay minimum wages for off-the-clock activity," resolution of minimum wage claim required, "[a]t a minimum, . . . interpretation of CBA terms such as 'actual hours worked' and 'show up expenses'").

Accordingly, Giles's minimum wage claims are preempted by § 301 of the LMRA.

### 4. Remaining Claims

As to Giles's remaining causes of action, Canus argues such claims either are derivative of the claims over which the Court has original jurisdiction or warrant the Court's exercise of supplemental jurisdiction.  Specifically, Canus contends (1) Giles's wage statement, waiting time, wrongful termination, and UCL claims are, in part, derivative of the claims that are preempted, and (2) the Court should exercise supplemental jurisdiction over Giles's rest period claims in their entirety, as well as the wage statement, waiting time, wrongful termination, and UCL claims to the extent they are not derivative of the preempted claims.  (See Opp. to Mot. to Remand Class Action at 2:8-13; Opp. to Mot. to Remand PAGA Action at 2:11-16.)

As discussed above, Giles's minimum wage, overtime, and meal period claims are preempted by the LMRA; consequently, to the extent his wage statement, waiting time, wrongful termination, and UCL claims are derivative thereof, those claims likewise are preempted by the LMRA.  See Vasquez v. Packaging Corp. of Am., Case No. 19-cv-1935 PSG (PLAx), 2019 WL 4543106, at *4 (C.D. Cal. June 7, 2019) (finding, where overtime claim was preempted by LMRA, remaining claims likewise were preempted "to the extent they [were] derivative of [the] overtime claim").

As to Giles's rest period claims, as well as his wage statement, waiting time, wrongful termination, and UCL claims to the extent they are not derivative of the preempted claims, said claims and the above-referenced preempted claims "derive from

a common nucleus of operative fact," and, consequently, the Court finds it appropriate to exercise supplemental jurisdiction over them. See Trs. of Contr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003) (internal quotation and citation omitted) (holding "[s]upplemental jurisdiction" is appropriate where federal and state law claims "'derive from a common nucleus of operative fact' and are such that a plaintiff 'would ordinarily be expected to try them in one judicial proceeding'").

### 6. Conclusion: Remand

In sum, to the extent Giles seeks an order remanding the above-titled cases to state court, the motions to remand will be denied for the reasons stated above.

## B. Motions for Judgment on the Pleadings

In its motions for judgment on the pleadings, Canus contends it is entitled to entry of judgment in its favor with respect to Giles's minimum wage, overtime, and meal periods claims in their entirety, on the ground that said claims are statutorily barred and completely preempted by the LMRA, as well as with respect to Giles's wage statement, waiting time, wrongful termination, and UCL claims to the extent they are derivative of the preempted claims.[10]

As set forth above, the Court agrees that Giles's minimum wage, overtime, and meal periods claims, as well as his wage statement, waiting time, wrongful termination, and UCL claims to the extent they are derivative thereof, are completely preempted by

---

[10] Although there exists a split of authority among district courts as to whether a party may seek judgment on the pleadings as to part of a claim, see Solis v. Am. Airlines, Inc., Case No. CV 19-10181 PSG (AFMx), 2021 WL 4893247, at *2 (C.D. Cal. July 27, 2021) (noting "district courts appear to be split on the issue" of whether party may seek judgment on the pleadings as to "part of a cause of action"), the Court finds more persuasive those cases finding such relief permissible, see, e.g., FEC v. Adams, 558 F. Supp. 2d 982, 987 (C.D. Cal. 2008) (holding "[j]udgment on the pleadings may be granted as to fewer than all . . . claims, or as to part of a claim"); Solis, 2021 WL 4893247, at *2 (finding motion for judgment on the pleadings as to "part of a cause of action" permissible; noting "[t]o conclude otherwise would permit plaintiffs to evade Rule 12 by combining multiple claims into a single cause of action").

the LMRA.[11]  Accordingly, Canus's motions will be granted.  Rather than entering judgment, however, the Court will dismiss said claims with leave to amend.  See Carmen v. S.F. Unified Sch. Dist., 982 F. Supp. 1396, 1401 (N.D. Cal. 1997) (holding "[c]ourts have discretion to grant leave to amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment").

### CONCLUSION

For the reasons stated above:

1. Giles's Motions to Remand are hereby DENIED.

2. Canus's Motions for Judgment on the Pleadings are hereby GRANTED as follows:

   a. Giles's minimum wage, overtime, and meal period claims are hereby DISMISSED in their entirety.

   b. Giles's wage statement, waiting time, wrongful termination, and UCL claims are hereby DISMISSED to the extent said claims are derivative of the minimum wage, overtime, and meal period claims.

   c. Giles is hereby afforded leave to amend for the purpose of pleading any or all of the dismissed claims as LMRA claims.  Any such amended pleading shall be filed no later than September 13, 2022.

**IT IS SO ORDERED.**

Dated: August 16, 2022

MAXINE M. CHESNEY
United States District Judge

---

[11] In light of this finding, the Court does not address herein Canus's alternative argument in support of judgment on Giles's minimum wage claims.