**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
Nicholas J. De Blouw (State Bar #280922)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTINEZ ANDRE GILES, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CANUS CORPORATION, a California Corporation; PG&E CORPORATION, a California Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO. 3:22-cv-03097-MMC**<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br>2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br>3. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>4. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>5. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;<br>6. FAILURE TO PAY ACCRUED SICK PAY WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202, 227.3 and 246;<br>7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;<br>8. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY. |

Plaintiff Martinez Andre Giles ("PLAINTIFF") an individual, on behalf of himself and all other similarly situated current and former employees alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

**THE PARTIES**

1.      Defendant Canus Corporation is a California corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

2.      Defendant PG&E Corporation is a California corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

3.      Canus Corporation and PG&E Corporation were the joint employers of PLAINTIFF as evidenced by paycheck and by the company PLAINTIFF performed work for respectively, and are therefore jointly responsible as employers for the conduct alleged herein, and are therefore collectively referred to herein as "DEFENDANT."

4.      PLAINTIFF was employed by DEFENDANT from January of 2015 to May of 2021 and was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally require rest periods and payment of minimum wages due for all time worked.

5.      PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by Canus Corporation and/or PG&E Corporation and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning on January 30, 2019 and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").   The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

6.      PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees.   DEFENDANT's policy and practice alleged herein is an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS.  PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by

1   DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the

2   CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current

3   unlawful conduct, and all other appropriate legal and equitable relief.

4        7.      The true names and capacities, whether individual, corporate, subsidiary, partnership,

5   associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to

6   PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Fed. R. Civ.

7   Proc. 26. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities

8   of Does 1 through 50, inclusive, when they are ascertained.  PLAINTIFF is informed and believes, and

9   based upon that information and belief alleges, that the Defendants named in this Complaint, including

10  DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and

11  happenings that proximately caused the injuries and damages hereinafter alleged.

12       8.      The agents, servants and/or employees of the Defendants and each of them acting on

13  behalf of the Defendants acted within the course and scope of his, her or its authority as the agent,

14  servant and/or employee of the Defendants, and personally participated in the conduct alleged herein

15  on behalf of the Defendants with respect to the conduct alleged herein.  Consequently, the acts of each

16  Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally

17  liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a

18  proximate result of the conduct of the Defendants' agents, servants and/or employees.

19                                **THE CONDUCT**

20       9.      Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is required

21  to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time

22  during which an employee is subject to the control of an employer, including all the time the employee

23  is suffered or permitted to work.  Each week, DEFENDANT required PLAINTIFF and CALIFORNIA

24  CLASS members to create a log of hours worked and submit it to the company before Monday.

25  PLAINTIFF and CALIFORNIA CLASS Members were not allotted company time to complete their

26  log of hours worked and had to do so on their own time and from their home office. PLAINTIFF and

27  CALIFORNIA CLASS Members also worked off the clock with respect to time spent undergoing

28  mandatory drug testing or any other testing and/or examination required during their employment.

SECOND AMENDED CLASS ACTION COMPLAINT

Additionally, DEFENDANT engaged in the practice of requiring PLAINTIFF and CALIFORNIA CLASS Members to perform work off the clock in that DEFENDANT, as a condition of employment, required these employees to submit to mandatory screening questions prior to arriving to the work site for and prior to clocking into DEFENDANT's timekeeping system for the workday. Further, PLAINTIFF and other members of the CALIFORNIA CLASS from time to time were not paid wages for all time worked, including sick pay overtime wages, such that in the aggregate employees were underpaid wages as a result of DEFENDANT's pattern and practice of unevenly rounding time worked by its employees. DEFENDANT in December of 2020, implemented a 3-page Company Management System Covid-19 Safety Policy. Moreover, DEFENDANT engages in the practice of requiring PLAINTIFF and CALIFORNIA CLASS Members to perform work off the clock, in that DEFENDANT, as a condition of employment, required these employees to submit to mandatory temperature checks for COVID-19 screening prior to clocking into DEFENDANT'S timekeeping system for the workday. As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited minimum wage and overtime compensation by from time to time working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime rates, expressly excluding "show up pay". DEFENDANT's policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked is evidenced by DEFENDANT's business records.

10. During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control. Specifically, Plaintiff during the Class Period was required to engage in engineering tasks including but not limited to electrical inspections during what should have been his off-duty rest break. In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period. Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back. Here, DEFENDANT's policy restricted PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and was unlawful based on DEFENDANT's rule which stated PLAINTIFF and other CALIFORNIA CLASS Members could not leave the work premises during their rest period.

11.    State law provides that employees must be paid overtime and  rest break premiums at one-and-one-half times their "regular rate of pay."  PLAINTIFF and other CALIFORNIA CLASS Members were compensated at an hourly rate plus incentive pay that was tied to specific elements of an employee's performance.

12.    Another component of PLAINTIFF's and other CALIFORNIA CLASS Members' compensation was DEFENDANT's non-discretionary incentive program that paid  PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT, including but not limited to shift differential wages for working undesirable shifts, cash in lieu of benefits, and other non-discretionary incentive bonus wages.  The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT.  However, when calculating the regular rate of pay in order to pay overtime and rest break premium pay to PLAINTIFF and other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime and rest break premium pay.  Management and supervisors described the incentive program to potential and new employees as part of the

compensation package.  As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay."  The failure to do so has resulted in an underpayment of overtime compensation and rest break premium pay to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

13.     DEFENDANT as a matter of corporate policy, practice and procedure, intentionally and knowingly failed to reimburse and indemnify, PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT, including but not limited to for use of personal cellular telephones, personal computers and home offices.  Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment.  Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

14.     For example, in the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to  use their own personal cellular phones and personal computers  as a result of and in furtherance of their job duties as employees for DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones, and personal computers for DEFENDANT's benefit.  By example, DEFENDANT required PLAINTIFF to use their personal cell phones to communicate with DEFENDANT's employees and also with DEFENDANT's customers.  Additionally, DEFENDANT required PLAINTIFF and other CALIFORNIA Class members to use their personal computers and home offices to log hours and communicate with DEFENDANT for the benefit of DEFENDANT.  DEFENDANT required PLAINTIFF and other CALIFORNIA CLASS members to log in on their PG&E provided cell phone to track their arrival to the worksite, however, DEFENDANT did not instruct PLAINTIFF and the other CALIFORNIA CLASS Members to include this time in their hours worked. Finally, DEFENDANT failed to pay all necessary expenses incurred for the use of PLAINTIFF

and CALIFORNIA CLASS Members' home offices.  DEFENDANT knew or should have known PLAINTIFF were using their own personal cell phones, computers, and home offices to conduct company business and DEFENDANT knew that PLAINTIFF and CALIFORNIA CLASS Members were not reimbursed correctly for all of their expenses incurred.  As a result, in the course of their employment with DEFENDANT the PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones, personal vehicles and home offices all on behalf of and for the benefit of DEFENDANT.

15.    DEFENDANT also failed to provide PLAINTIFF and the other members of  the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  Specifically, PLAINTIFF and CALIFORNIA CLASS Members were paid on an hourly basis.  As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a).  The wage statements Defendant provided to PLAINTIFF and CALIFORNIA CLASS Members failed to identify such information. More specifically, the PLAINTIFF's wage statements failed to identify the total hours worked for each pay period, in violation of Cal. Lab. Code Section 226(a)(2).  Aside, from the violations listed above, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

16.    Cal. Lab. Code § 204 provides that "[a]ll wages. . .earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Further, Cal. Lab. Code § 204(d) expressly requires employers to pay employees all wages owed within seven (7) days of the close of the payroll period.

1    DEFENDANT from time to time failed to pay PLAINTIFF and other CALIFORNIA CLASS Members
2    all wages owed to them within seven (7) days of the close of the payroll period.

3        17.    Pursuant to Cal. Lab. Code Section 221, "It shall be unlawful for any employer to collect
4    or receive from an employee any part of wages theretofore paid by said employer to said employee."
5    DEFENDANT failed to pay all compensation due to PLAINTIFF and other CALIFORNIA LABOR
6    SUB-CLASS Members, made unlawful deductions from compensation payable to PLAINTIFF and
7    CALIFORNIA LABOR SUB-CLASS Members, failed to disclose all aspects of the deductions from
8    compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members, and thereby
9    failed to pay these employees all wages due at each applicable pay period and upon termination.
10   PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS seek recovery of all illegal
11   deductions from wages according to proof, related penalties, interest, attorney fees and costs.

12       18.    DEFENDANT underpaid sick pay wages to PLAINTIFF and other CALIFORNIA
13   CLASS Members by failing to pay such wages at the regular rate of pay in violation of Cal. Lab. Code
14   Section 246.   Specifically, PLAINTIFF and other non-exempt employees earn non-discretionary
15   remuneration.   Rather than pay sick pay at the regular rate of pay, DEFENDANT underpaid sick pay
16   to PLAINTIFF and other CALIFORNIA CLASS Members at their base rates of pay.

17       19.    Cal. Lab. Code Section 246(l)(2) requires that paid sick time for nonexempt
18   employees be calculated by dividing the employee's total wages, not including overtime premium pay,
19   by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

20       20.    DEFENDANT violated Cal. Lab. Code Section 246 by failing to pay sick pay at
21   the regular rate of pay. PLAINTIFF and CALIFORNIA CLASS Members routinely earned non-
22   discretionary incentive wages which increased their regular rate of pay. However, when sick pay was
23   paid, it was paid at the base rate of pay for PLAINTIFF and members of the CALIFORNIA CLASS,
24   as opposed to the correct, higher regular rate of pay, as required under Cal. Lab. Code Section 246.

25       21.    As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF and other
26   members of the CALIFORNIA CLASS their correct wages and accordingly owe waiting time penalties
27   pursuant to Cal. Lab. Code Section 203. Further, PLAINTIFF is informed and believes and based
28   thereon alleges that such failure to pay sick pay at regular rate was willful, such that PLAINTIFF and

members of the CALIFORNIA CLASS whose employment has separated are entitled to waiting time penalties pursuant to Cal. Lab. Code Sections 201-203.

22.     In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally and knowingly failed to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS for rest periods.  This policy and practice of DEFENDANT is intended to purposefully avoid the payment for all time worked as required by California law which allows DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law.  To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

23.     By reason of this conduct applicable to PLAINTIFF and all CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which fails to accurately calculate and record all missed rest periods and failed to pay all minimum and overtime wages due to PLAINTIFF and other CALIFORNIA CLASS Members. The proper recording of these employees' missed rest breaks is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT fails to properly calculate and/or pay all required compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

24.     Specifically as to PLAINTIFF, DEFENDANT failed to provide all the legally required off-duty rest breaks to PLAINTIFF as required by the applicable Wage Order and Labor Code and failed to pay PLAINTIFF all minimum and overtime wages due to PLAINTIFF.  DEFENDANT did not have a policy or practice which provided timely off-duty rest breaks to PLAINTIFF and also failed to compensate PLAINTIFF for PLAINTIFF's missed rest breaks. The nature of the work performed by the PLAINTIFF did not prevent PLAINTIFF from being relieved of all of PLAINTIFF's duties for the legally required off-duty rest breaks.  As a result, DEFENDANT's failure to provide PLAINTIFF with

the legally rest breaks is evidenced by DEFENDANT's business records. DEFENDANT also required PLAINTIFF to work off the clock without paying PLAINTIFF for all the time PLAINTIFF was working for DEFENDANT, specifically by failing to provide enough labor hours to accomplish all the job tasks that DEFENDANT expected PLAINTIFF to complete on a daily and/or weekly basis.    To date, DEFENDANT has not fully paid PLAINTIFF for all PLAINTIFF's wages still owed to PLAINTIFF or any penalties owed to PLAINTIFF under California Labor Code § 203.

25.    In or around April of 2021, and continuing throughout the rest of PLAINTIFF's employment, PLAINTIFF engaged in protected activity by complaining to DEFENDANT, including but not limited to DEFENDANT's office manager and Human Resources Julie Edmondson, of DEFENDANT's illegal employment practices, including, but not limited to, DEFENDANT's failure to pay Plaintiff proper wages under the California Labor Code.

26.    Subsequent to PLAINTIFF's participation in protective activity by complaining to DEFENDANT of DEFENDANT's unlawful employment practices in or around April of 2021, and continuing throughout the rest of PLAINTIFF's employment, DEFENDANT subjected PLAINTIFF to adverse employment actions by retaliating against PLAINTIFF.  Specifically, after PLAINTIFF complained to his supervisor(s) of DEFENDANT's unlawful employment practices, DEFENDANT terminated PLAINTIFF's employment with DEFENDANT in April of 2021.  As a result, there is a causal link between the protected activity and DEFENDANT's decision to terminate his employment, which is against public policy.

## JURISDICTION AND VENUE

27.    This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

28.    Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391 because (i) DEFENDANT conducts and conducted substantial business within this judicial district and maintains offices in this judicial district, (ii) the causes of action alleged herein arise in whole or in part in this judicial district, and (iii) DEFENDANT committed wrongful conduct against members of this class in this district.

///

## THE CALIFORNIA CLASS

29.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by Canus Corporation and/or PG&E Corporation in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning on January 30, 2019 and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

30.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

31.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engages in a practice whereby DEFENDANT fails to record all rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoys the benefit of this work, requires employees to perform this work and permits or suffers to permit this work.

32.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all rest breaks missed as  required by California laws.  The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law.  This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq*. (the "UCL") as causation, damages, and reliance are not elements of this claim.

33.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

34.    DEFENDANT violated the rights of the CALIFORNIA CLASS under California law

11

by:

    (a)    Committing an act of unfair competition in violation of , Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures as described herein, including those that failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked minimum wages owed and overtime wages owed for work performed by these employees, expressly excluding "show up pay"; and,

    (b)    Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required rest periods.

35.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

    (a)    The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

    (c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the other members of the CALIFORNIA CLASS, is classified as a non-exempt employee paid on an hourly basis who has been subjected to the DEFENDANT's deceptive practice and policy which failed to provide the legally required rest periods to the CALIFORNIA CLASS and thereby underpaid compensation to PLAINTIFF and CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same

unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

36.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)     Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

1)     With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution

because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)    The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.    Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to

14

protect their interests;

3)    In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

37.    This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

(a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(I)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

38.    DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

39.    PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed Canus Corporation and/or PG&E Corporation in California (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date Fed. R. Civ. Proc 23(b)(2) and/or (3). The amount in

controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

40.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engages in a practice whereby DEFENDANT fails to correctly calculate compensation for the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to these employees, even though DEFENDANT enjoys the benefit of this work, requires employees to perform this work and permits or suffers to permit this work.  DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

41.    DEFENDANT maintains records from which the Court can ascertain and  identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

42.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

43.    Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b)    Whether DEFENDANT failed to provide the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized

17

wage statements;

(c)     Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(d)     The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(e)     Whether DEFENDANT's conduct was willful.

44.     DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)     Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay, expressly excluding "show up pay" for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

(b)     Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing the corresponding correct amount of wages earned by the employee; and,

©     Violating Cal. Lab. Code §§ 226.7, by failing to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with all legally required off-duty rest breaks.

45.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)     The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-

1  CLASS and will apply to every member of the CALIFORNIA LABOR SUB-

2  CLASS;

3  (c)  The claims of the representative PLAINTIFF are typical of the claims of each

4  member of the CALIFORNIA LABOR SUB-CLASS.  PLAINTIFF, like all the

5  other members of the CALIFORNIA LABOR SUB-CLASS, is a non-exempt

6  employee paid on an hourly basis who has been subjected to the

7  DEFENDANT's practice and policy which fails to pay the correct amount of

8  wages due to the CALIFORNIA LABOR SUB-CLASS.  PLAINTIFF sustained

9  economic injury as a result of DEFENDANT's employment practices.

10  PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were

11  and are similarly or identically harmed by the same unlawful, deceptive and

12  unfair  misconduct engaged in by DEFENDANT; and,

13  (d)  The representative PLAINTIFF will fairly and adequately represent and protect

14  the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained

15  counsel who are competent and experienced in Class Action litigation.  There

16  are no material conflicts between the claims of the representative PLAINTIFF

17  and the members of the CALIFORNIA LABOR SUB-CLASS that would make

18  class certification inappropriate.  Counsel for the CALIFORNIA LABOR SUB-

19  CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-

20  CLASS Members.

21  46.  In addition to meeting the statutory prerequisites to a Class Action, this action is properly

22  maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

23  (a)  Without class certification and determination of declaratory, injunctive, statutory

24  and other legal questions within the class format, prosecution of separate actions

25  by individual members of the CALIFORNIA LABOR SUB-CLASS will create

26  the risk of:

27  1)  Inconsistent or varying adjudications with respect to individual members

28  of the CALIFORNIA LABOR SUB-CLASS which would establish

19

1    incompatible standards of conduct for the parties opposing the

2    CALIFORNIA LABOR SUB-CLASS; or,

3        2)    Adjudication with respect to individual members of the CALIFORNIA

4            LABOR SUB-CLASS which would as a practical matter be dispositive

5            of interests of the other members not party to the adjudication or

6            substantially impair or impede their ability to protect their interests.

7    (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or

8        refused to act on grounds generally applicable to the CALIFORNIA LABOR

9        SUB-CLASS, making appropriate class-wide relief with respect to the

10        CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT fails to

11        pay all wages due. Including the correct wages for all time worked by the

12        members of the CALIFORNIA LABOR SUB-CLASS as required by law;

13    (c)    Common questions of law and fact predominate as to the members of the

14        CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

15        violations of California Law as listed above, and predominate over any question

16        affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and

17        a Class Action is superior to other available methods for the fair and efficient

18        adjudication of the controversy, including consideration of:

19        1)    The interests of the members of the CALIFORNIA LABOR SUB-

20            CLASS in individually controlling the prosecution or defense of separate

21            actions in that the substantial expense of individual actions will be

22            avoided to recover the relatively small amount of economic losses

23            sustained by the individual CALIFORNIA LABOR SUB-CLASS

24            Members when compared to the substantial expense and burden of

25            individual prosecution of this litigation;

26        2)    Class certification will obviate the need for unduly duplicative litigation

27            that would create the risk of:

28            A.    Inconsistent or varying adjudications with respect to individual

members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B. Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

47. This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

(a) The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS

21

Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)     The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)     PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)     The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who worked for DEFENDANT in California at any time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(I)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

**FIRST CAUSE OF ACTION**

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code §§  17200, *et seq.*]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

48.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

49.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

50.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

51.    The UCL permits action for business practices that are "unfair" "unlawful"  and/or "fraudulent". This includes violations of both State and Federal Law. *See Wang v. Chinese Daily News*, (9th Cir.) 623 F.3d 743 (reversed on other grounds). By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates the Fair Labor and Standards Act, 29 U.S.C.  § 201 *et seq*. ("FLSA") and California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 201-204, 233, 246, 248, 210, 226.7, 512, 1194, 1197, 1197.1, 1198 & 2802, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

52.    The FLSA requires, among other things, that employers pay employees the minimum

1     wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207, 215.

2         53.      At all material times, Defendant has violated the FLSA by failing to pay

3 members of the CALIFORNIA CLASS at one-and-one-half (1.5) times the regular rate of pay when

4 an operator's total hours worked to exceed forty (40) hours in a week. Specifically, Defendant failed

5 to include all remuneration in the regular rate of pay when calculating and paying overtime to

6 CALIFORNIA CLASS members.

7         54.      Defendant has also violated the FLSA by failing to keep required, accurate

8 records of all hours worked by their operators. 29 U.S.C. § 211©.

9         55.      Plaintiff and the other CALIFORNIA CLASS members are victims of a

10 uniform and entity-wide compensation policy. This uniform policy, in violation of the FLSA, has been

11 applied to the CALIFORNIA CLASS Members employed by Defendant

12         56.      By the conduct alleged herein, DEFENDANT's practices are unlawful and unfair in that

13 these practices violate public policy, are immoral, unethical, oppressive, unscrupulous or substantially

14 injurious to employees, and are without valid justification or utility for which this Court should issue

15 equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions

16 Code, including restitution of wages wrongfully withheld.

17         57.      By the conduct alleged herein, DEFENDANT's practices are deceptive and fraudulent

18 in that DEFENDANT's policy and practice fails to provide the legally mandated rest periods, and the

19 required amount of compensation for missed rest periods, reporting time pay, and overtime and

20 minimum wages owed, expressly excluding "show up pay", due to a business practice that cannot be

21 justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements

22 in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and

23 equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully

24 withheld.

25         58.      By the conduct alleged herein, DEFENDANT's practices are also unlawful, unfair and

26 deceptive in that DEFENDANT's employment practices cause PLAINTIFF and the other members of

27 the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

28         59.      By the conduct alleged herein, DEFENDANT's practices are also unlawful, unfair and

1  deceptive in that DEFENDANT's policies, practices and procedures fail to provide all legally required

2  rest breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as required by Cal.

3  Lab. Code §§ 226.7.

4       60.    PLAINTIFF further demands on behalf of himself and each member of the

5  CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off duty paid

6  rest period was not timely provided as required by law.

7       61.    By and through the unlawful and unfair business practices described herein,

8  DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other

9  members of the CALIFORNIA CLASS, including earned wages for all time worked, and has deprived

10  them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these

11  employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete

12  against competitors who comply with the law.

13       62.    All the acts described herein as violations of, among other things, the Industrial Welfare

14  Commission Wage Orders, the California Code of Regulations, and the California Labor Code, are

15  unlawful and in violation of public policy, are immoral, unethical, oppressive and unscrupulous, are

16  deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal.

17  Bus. & Prof. Code §§ 17200, *et seq.*

18       63.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and

19  do, seek such relief as may be necessary to restore to them the money and property which

20  DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA

21  CLASS have been deprived, by means of the above described unlawful and unfair business practices,

22  including earned but unpaid wages for all time worked.

23       64.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled

24  to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive,

25  and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful

26  and unfair business practices in the future.

27       65.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy

28  and/or adequate remedy at law that will end the unlawful and unfair business practices of

1    DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result

2    of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of

3    the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic

4    harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair

5    business practices.

6         66.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in

7    a business practice which violates California law, including but not limited to, the applicable Industrial

8    Wage Order(s), the California Code of Regulations and the California Labor Code including Sections

9    204, 210, 226.7, 246, 248.5, 512, 1194, 1197, 1197.1, 1198 and the Fair Labor Standards Act and

10   federal regulations promulgated thereunder, for which this Court should issue declaratory and other

11   equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy

12   the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

13        67.    By the conduct alleged herein, DEFENDANT's practices are unlawful and unfair in that

14   these practices violate public policy, are immoral, unethical, oppressive, unscrupulous or substantially

15   injurious to employees, and are without valid justification or utility for which this Court should issue

16   equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions

17   Code, including restitution of wages wrongfully withheld.

18        68.    By the conduct alleged herein, DEFENDANT's practices are deceptive and fraudulent

19   in that DEFENDANT's policy and practice fails to provide the legally mandated rest periods, and the

20   required amount of compensation for missed rest periods, reporting time pay, and overtime and

21   minimum wages owed, and Fair Labor Standards Act overtime wages due for overtime worked as a

22   result of failing to include non-discretionary incentive compensation into their regular rate for purposes

23   of computing the proper overtime pay, due to a business practice that cannot be justified, pursuant to

24   the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal.

25   Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief,

26   pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

27        69.    By the conduct alleged herein, DEFENDANT's practices are also unlawful, unfair and

28   deceptive in that DEFENDANT's employment practices cause PLAINTIFF and the other members of

1   the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

2       70.    By and through the unlawful and unfair business practices described herein,

3   DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other

4   members of the CALIFORNIA CLASS, including earned wages for all time worked, and has deprived

5   them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these

6   employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete

7   against competitors who comply with the law.

8       71.    All the acts described herein as violations of, among other things, the Industrial Welfare

9   Commission Wage Orders, the California Code of Regulations, and the California Labor Code, are

10  unlawful and in violation of public policy, are immoral, unethical, oppressive and unscrupulous, are

11  deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal.

12  Bus. & Prof. Code §§ 17200, *et seq*.

13      72.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and

14  do, seek such relief as may be necessary to restore to them the money and property which

15  DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA

16  CLASS have been deprived, by means of the above described unlawful and unfair business practices,

17  including earned but unpaid wages for all time worked.

18      73.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled

19  to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive,

20  and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful

21  and unfair business practices in the future.

22      74.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy

23  and/or adequate remedy at law that will end the unlawful and unfair business practices of

24  DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.  As a result

25  of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of

26  the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic

27  harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair

28  business practices.

**SECOND CAUSE OF ACTION**

**For Failure To Pay Minimum Wages**

**[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

75.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB- CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

76.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay reporting time and minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

77.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

78.     Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

79.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including reporting time pay and minimum wage compensation and interest thereon, together with the costs of suit.

80.     DEFENDANT maintains a wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work. As set forth herein, DEFENDANT's policy and practice is to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

81.     DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that denies accurate compensation to PLAINTIFF and the other members of the

28

1 CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

2     82.    In committing these violations of the California Labor Code, DEFENDANT inaccurately

3 calculates the correct time worked and consequently underpays the actual time worked by PLAINTIFF

4 and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal

5 attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor

6 Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

7     83.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

8 PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS do not receive the

9 correct reporting time pay and minimum wage compensation for their time worked for DEFENDANT.

10     84.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other

11 members of the CALIFORNIA LABOR SUB-CLASS are paid less for time worked that they are

12 entitled to, constituting a failure to pay all earned wages. DEFENDANT fails to accurately pay the

13 PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS the wages for the time they

14 work in accordance with 1197 & 1197.1, even though the PLAINTIFF and the other members of the

15 CALIFORNIA LABOR SUB-CLASS are regularly required, permitted or suffered to work, and do in

16 fact work, off the clock time as to which DEFENDANT fails to accurately record and pay as evidenced

17 by DEFENDANT's business records and witnessed by employees.

18     85.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation

19 to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time

20 they work, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have

21 suffered and will continue to suffer an economic injury in amounts which are presently unknown to

22 them and which will be ascertained according to proof at trial.

23     86.    DEFENDANT knew or should have known that PLAINTIFF and the other

24 members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their time worked.

25 DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay

26 employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT

27 perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA

28 LABOR SUB-CLASS the correct reporting time pay and minimum wages, expressly excluding "show

up pay" for their time worked.

87.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

88.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

### THIRD CAUSE OF ACTION

**For Failure to Provide Required Rest Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

89.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

90.    PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more.  PLAINTIFF and other CALIFORNIA

LABOR SUB-CLASS Members are also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

91.    DEFENDANT further violates California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who are not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

92.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## FOURTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

93.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

94.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be

aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

95    DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Specifically, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were paid on an hourly basis. As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a). The wage statements Defendant provided to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period. When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code Section 226(a)(2). Aside, from the violations listed above, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA LABOR SUB- CLASS with wage statements which violated Cal. Lab. Code § 226.

96.    DEFENDANT knowingly and intentionally fails to comply with Cal. Lab. Code § 226,

causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the correct wages for all missed rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

## FIFTH CAUSE OF ACTION

### For Failure to Pay Wages When Due

### [Cal. Lab. Code §§ 201, 202, 203, 204, 227.3, 233, 246]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

97.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

98.    Cal. Lab. Code § 200 provides, in relevant part, that:

As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

99.    Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

100.    Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who

quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

101.    There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

102.    Cal. Lab. Code § 203 provides, in relevant part, that:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

103.    The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law, including but not limited to, sick pay wages, rest period premiums owed for rest period violations, minimum wages owed for work performed off the clock excluding show up pay, and overtime wages owed under the Fair Labor Standards Act.

104.    Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and who have not been fully paid their wages due to them, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY ACCRUED  SICK PAY WAGES WHEN DUE IN VIOLATION OF

### CAL. LAB. CODE §§ 201, 202, 227.3 and 246

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

105.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

106.    Cal. Lab. Code § 200 states that:

As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every

34

description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.

(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

107.    Cal. Lab. Code § 201 states, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

108.    Cal. Lab. Code § 202 states, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

109.    There was no definite term in PLAINTIFF' or any other CALIFORNIA LABOR SUB-CLASS Members' employment contract.

110.    Cal. Lab. Code § 203 states:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

111.    When PLAINTIFF left employment with DEFENDANT, DEFENDANT still owed PLAINTIFF wages because PLAINTIFF were not compensated correctly as they were not paid sick pay wages at PLAINTIFF' correct regular rate.  To date, DEFENDANT has not paid PLAINTIFF these wages still owed to them. As such, DEFENDANT has not fully paid PLAINTIFF all wages still owed to them or any penalty wages that are now owed to him under California Labor Code § 203.

112.    The employment of PLAINTIFF and many other CALIFORNIA LABOR SUB-CLASS Members has terminated, yet as to those individuals whose employment terminated, DEFENDANT did not timely tender payment of all wages owed as required by law.

113.    Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the members of the CALIFORNIA LABOR SUB-CLASS whose employment terminated, PLAINTIFF demand thirty days of pay as penalty for not paying all wages due at time of termination for all

individuals in the CALIFORNIA LABOR SUB-CLASS who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD plus interest and statutory costs as allowed.

## SEVENTH CAUSE OF ACTION

### For Failure to Reimburse Employees for Required Expenses

### [Cal. Lab. Code § 2802]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

114.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

115.    Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

116.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit. Specifically, DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, the cost associated with the use of their personal cellular phones, personal computers and home offices for DEFENDANT's benefit. As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS incurred unreimbursed business expenses which included, but were not limited to, the costs related to the use of their personal cellular phones, personal computers and home offices all on behalf of and for the benefit of DEFENDANT. These expenses are necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this expectation. Although these expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

117.    PLAINTIFF  therefore demands reimbursement for expenditures or losses incurred by

1    her and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for

2    DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate

3    and costs under Cal. Lab. Code § 2802.

4                                    **EIGHTH CAUSE OF ACTION**

5                        **Wrongful Termination In Violation of Public Policy**

6                            **(By PLAINTIFF Against All Defendants)**

7         118.    PLAINTIFF realleges and incorporates by reference, as though fully set forth herein, the

8    prior paragraphs of this Complaint.

9         119.    In or around April of 2021, and continuing throughout the rest of PLAINTIFF's

10   employment, PLAINTIFF engaged in protected activity by complaining to DEFENDANT, including

11   but not limited to DEFENDANT's office manager and Human Resources Julie Edmondson, of

12   DEFENDANT's illegal employment practices, including, but not limited to, DEFENDANT's failure

13   to pay Plaintiff proper wages under the California Labor Code.

14        120.    Subsequent to PLAINTIFF's participation in protective activity by complaining to

15   DEFENDANT of DEFENDANT's unlawful employment practices in or around April of 2021, and

16   continuing throughout the rest of PLAINTIFF's employment, DEFENDANT subjected PLAINTIFF

17   to adverse employment actions by retaliating against PLAINTIFF.  Specifically, after PLAINTIFF

18   complained to his supervisor(s) of DEFENDANT's unlawful employment practices, DEFENDANT

19   terminated PLAINTIFF's employment with RESPONDENT in April of 2021.  As a result, there is a

20   causal link between the protected activity and DEFENDANT's decision to terminate his employment,

21   which is against public policy.

22        121.    PLAINTIFF raised complaints of illegality while he worked for DEFENDANT and was

23   believed to be willing to raise complaints, and DEFENDANT retaliated against him by taking adverse

24   employment actions, including employment termination, against him.

25        122.    As a proximate result of DEFENDANT'S willful, knowing, and intentional, PLAINTIFF

26   has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and

27   anguish, all to her damage in a sum according to proof.

28        123.    As a result of DEFENDANT'S adverse employment actions against PLAINTIFF,

1 | PLAINTIFF has suffered general and special damages in sums according to proof.

2 |     124.   DEFENDANT'S misconduct was committed intentionally, in a malicious, oppressive

3 | manner, and fraudulent manner entitling PLAINTIFF to punitive damages against DEFENDANT.

4 | **PRAYER FOR RELIEF**

5 |     WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally,

6 | as follows:

7 | 1.    On behalf of the CALIFORNIA CLASS:

8 |     A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS

9 |         as a class action pursuant to Cal. Code of Civ. Proc. § 382;

10-11 |     B)    An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

12-14 |     C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

15-17 |     D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

18 | 2.    On behalf of the CALIFORNIA LABOR SUB-CLASS:

19-21 |     A)    That the Court certify the Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

22-25 |     B)    Compensatory damages, according to proof at trial, including compensatory damages for minimum compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

26-27 |     C)    Rest period compensation pursuant to California Labor Code Section 226.7 and the applicable IWC Wage Order;

28 |     D)    Liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

1      E)    The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

6      F)    The amount of the expenses PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit; and,

9      G)    The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3. On behalf of PLAINTIFF for the Eighth cause of action:

    A)    Compensatory damages, according to proof at trial, but in excess of $25,000.

    B)    Special and General damages according to proof;

    C)    Statutory damages, penalties and attorney's fees;

    D)    For punitive damages in an amount necessary to make an example of and to punish DEFENDANT and deter DEFENDANT from engaging in future similar conduct;

    E)    For loss of earnings (both past and future); and,

    F)    For interest at the legal rate in an amount according to proof.

Dated: September 13, 2022           BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

                           BY:  /s/*Nicholas J. De Blouw*
                                 Norman B. Blumenthal
                                 Nicholas De Blouw
                                 Attorneys for Plaintiff

SECOND AMENDED CLASS ACTION COMPLAINT

1

**DEMAND FOR A JURY TRIAL**

PLAINTIFF demands a jury trial on issues triable to a jury.

2

3    Dated: September 13, 2022                    BLUMENTHAL NORDREHAUG BHOWMIK
                                                  DE BLOUW LLP

4
                                                  BY:   /s/ *Nicholas J. De Blouw*
5                                                        Norman B. Blumenthal
                                                         Nicholas De Blouw
6                                                        Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED CLASS ACTION COMPLAINT