# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTINEZ ANDRE GILES, on behalf of himself and on behalf of all persons similarly situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CANUS CORPORATION, a California Corporation; PG&E CORPORATION, a California Corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.: 3:22-CV-03097-MMC<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; JUDGMENT** |

On May 2, 2025, the above-titled action came before the Court on plaintiff Martinez Andre Giles's ("Plaintiff") Motion for Final Approval of Class Action Settlement.

Having duly considered the papers filed in connection therewith, as well as the parties' oral argument, and good cause appearing,

**THE COURT HEREBY ORDERS AS FOLLOWS:**

1.　All terms used herein have the same meaning as defined in the Settlement Agreement.

2.　The Court has jurisdiction over the subject matter of the Action and over all Settling Parties, including all members of the Settlement Class.

3. For the sole purpose of settling and resolving the Class Action, the Court certifies the Action as a class action pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure. The Settlement Class is defined as:

> All hourly, non-exempt workers, who are or previously were employed in California by Canus from February 18, 2021, through the earlier of an order approving [p]laintiff's motion for preliminary approval or April 19, 2023.

4. The Court confirms CPT Group, Inc. as the Administrator of the settlement.

5. The Court appoints plaintiff Martinez Andre Giles as Class Representative for the Settlement Class and Matthew C. Briggs and Corey A. Pingle of the Law Office of Corey A. Pingle as Class Counsel for the Settlement Class.

6. The Court finds for the sole purpose of settling and resolving the Action that:

    (a) as required by Rule 23(a)(1) of the Federal Rules of Civil Procedure, the Settlement Class is ascertainable, and the Settlement Class is so numerous that joinder of all members is impracticable;

    (b) as required by Rule 23(a)(2), there are questions of law and/or fact common to the Settlement Class;

    (c) as required by Rule 23(a)(3), the claims of Plaintiff are typical of the claims of the Settlement Class that Plaintiff seeks to certify;

    (d) as required by Rule 23(a)(4), Plaintiff will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests

        of Plaintiff and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between Plaintiff and the Settlement Class or among the members of the Settlement Class; and

  (e)  as required by Rule 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

7.  The Court finds the Settlement Class has received proper and adequate notice, such notice having been given in accordance with the Preliminary Approval Order.

8.  Pursuant to Rule 23(e), the Court finds the Settlement embodied in the Settlement Agreement is fair, reasonable and adequate, and more particularly finds that:

(a)  the Settlement was negotiated vigorously and at arm's-length by defense counsel, on the one hand, and Plaintiff and Class Counsel on behalf of the Settlement Class, on the other hand;

(b)  Plaintiff and defendants had sufficient information to evaluate the settlement value of the Action;

(c)  if the Settlement had not been achieved, Plaintiff and the

Settlement Class faced the expense, risk, and uncertainty of extended litigation; and

(d) the amount of the Settlement – four hundred and forty thousand dollars ($440,000.00) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal.

9. The Court approves the plan of allocation as fair, reasonable, and adequate. The Administrator shall distribute the Net Settlement Amount in accordance with the Settlement Agreement. Consistent with the terms of the Settlement Agreement, the Administrator has the authority to address and make final decisions on all Class Member challenges as to the calculation of Workweeks and/or Pay Periods. The Administrator's decision shall be final and not appealable or otherwise susceptible to challenge.

10. The releases and covenants not to sue set forth in the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The releases are effective as of full funding of the entire Gross Settlement Amount and all employer payroll taxes owed on the Wage Portion of the Individual Class Payments.

11. The Court finds that the amount of fees and costs sought is appropriate, fair, and reasonable and hereby awards attorneys' fees in the amount of $110,000.00 and reimbursement of counsel's expenses in the sum of $716.42.

12. The Court hereby awards $8,500 to the Administrator for services performed in administering the Settlement.

13. The Court hereby awards PAGA penalties in the total amount of $10,000, comprising $7,500 for the California Labor and Workforce Development Agency ("LWDA") and $2,500 for Individual PAGA Payments.

14. The Court hereby awards $1,500 as a Class Representative Service Payment to Plaintiff Martinez Andre Giles.

15. Within 10 days after the Administrator disburses all funds in the Gross Settlement Amount, the Administrator shall provide Class Counsel and defense counsel with a final report detailing its disbursements by employee identification number only of all payments made under this Agreement.

16. The Court hereby dismisses with prejudice plaintiff's Third Amended Complaint and all released claims asserted therein without costs to any of the settling parties and released parties other than as provided for in the Settlement Agreement.

17. Upon entry of this Order, all settling parties shall be bound by the Settlement Agreement and this Final Order and Judgment.

18. After entry of Judgment, the Court will retain jurisdiction over the parties, the Action, and the Settlement solely for purposes of (i) enforcing the Settlement Agreement and/or Judgment, (ii) addressing settlement administration matters, and (iii) addressing such post-Judgment matters as are permitted by law.

19. **Final Approval Granted:** The Motion for Final Approval of the Settlement is hereby GRANTED, and, accordingly:

   a. the parties are hereby DIRECTED to take the necessary steps to effectuate the terms of the Settlement Agreement; and

   b. CPT Group, Inc. is hereby DIRECTED to distribute the Gross Settlement Amount in accordance with the Settlement Agreement.

20. **Judgment:** The Court hereby ENTERS JUDGMENT on all claims, counts, and causes of action alleged in the Class Action. This is a final and appealable judgment that ends the litigation of the Class Action. The Clerk of Court is hereby DIRECTED to enter the judgment in the civil docket.

Dated: May 2, 2025

_____
Honorable Maxine M. Chesney
Judge of the Northern District Court of California